UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-00845-CJC(ANx)     Date: June 14, 2011

Title: <u>PARSA LAW GROUP, APC v. BAD BIZ FINDER, ET AL.</u>

PRESENT:

<u>**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**</u>

<u>Michelle Urie</u>                    <u>     N/A     </u>
Deputy Clerk                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                     None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction & Background**

      On January 26, 2009, Parsa Law Group, APC ("Parsa") filed the present suit against Defendant Bad Biz Finder in California state court. On March 19, 2009, Parsa filed a Second Amended Complaint alleging claims including defamation, trade libel, and tortious interference with business relations against Bad Biz Finder as well as Erin Baldwin and Beverly Sullivan. *See* Notice of Removal. Pro se Defendant Erin Baldwin removed this action to federal court on June 6, 2011. For the following reasons, the Court, on its own motion, REMANDS this suit to state court because it lacks subject matter jurisdiction.

**Analysis**

      A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). However, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

1992). A federal court can assert subject matter jurisdiction over cases that: (1) involve questions arising under federal law; or (2) are between diverse parties and involve an amount in controversy of over $75,000. 28 U.S.C. § 1331; *id.* § 1332.

As an initial matter, Ms. Baldwin's Notice of Removal does not appear to contain "a short and plain statement of the grounds for removal" as required by 28 U.S.C. § 1446(a). In any event, the Notice of Removal and attached documents from the state court proceedings indicate that Ms. Baldwin did not have a proper basis for removing this suit.

First, Ms. Baldwin has failed to meet her burden to establish federal question jurisdiction under 28 U.S.C. § 1331. A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Parsa's original Complaint and Second Amended Complaint assert only state law causes of action against Defendants. Additionally, a defendant may not remove a case by asserting a defense based in federal law, and "original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan*, 813 F.2d at 1371. As a result, Ms. Baldwin's contentions that Parsa has violated her free speech rights, *see* Notice of Removal ¶ 15, and other federal laws, *see id.* ¶ 18, 20, do not provide a basis for federal question jurisdiction. Accordingly, the court lacks federal question jurisdiction.

Ms. Baldwin has further failed to establish that diversity of citizenship jurisdiction exists. Indeed, the Notice of Removal never asserts that the parties are completely diverse or that the amount in controversy exceeds $75,000. With respect to the citizenship of the parties, Parsa alleges in its original Complaint and Second Amended Complaint that it is a professional law corporation incorporated in California and further alleges that all Defendants are citizens of California. The Notice of Removal supports this allegation as to Ms. Baldwin. More specifically, the contact address on Ms. Baldwin's Notice of Removal is a post office box in Beaumont, California. *Id.* at 1. Ms. Baldwin has also asserted that she has in the past few years lived in Big Bear California, *id.* ¶ 9, has been incarcerated in San Bernardino County, *id.* ¶ 13, and has blogged about loan modification fraud in California, *id.* ¶ 23. Furthermore, she has not denied that she is a California citizen or alleged that she is a citizen of any other state. Thus, Defendant has not satisfied the complete diversity requirement to invoke diversity jurisdiction.

       Two other bases for removal are similarly unavailing. Ms. Baldwin's reference to removing a "criminal prosecution" pursuant to 28 U.S.C. § 1446(c)(1) cannot support removal of this civil action. Her implicit reference to civil rights removal pursuant to 28 U.S.C. § 1443, *see* Notice of Removal ¶ 19 (alleging officers of court and judicial officers have violated her constitutional rights), 26, is also unavailing because her allegations are conclusory and without support.

**Conclusion**

       For the foregoing reasons, this action is hereby REMANDED to state court.


tlh

MINUTES FORM 11
CIVIL-GEN                                                          Initials of Deputy Clerk MU